IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| COREY LAMONT DIAMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CA 19-0935-CG-MU |
| | ) | |
| ALABAMA DEPARTMENT OF LABOR, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff's *pro se* complaint (Doc. 1) and motion to proceed without prepayment of fees and costs (Doc. 2). This matter has been referred to the undersigned for pretrial disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(S). Because Diamond has requested leave to proceed without prepayment of costs and fees (Doc. 2), this Court has the obligation to undertake a review of his complaint pursuant to the provisions of 28 U.S.C. § 1915(e). That statute instructs courts to dismiss any action when it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Upon consideration of the pleadings, it is recommended that this action be **DISMISSED WITHOUT PREJUDICE**, prior to service of process, because Plaintiff has failed to insert in his complaint a short and plain

statement of the basis of the Court's jurisdiction and has also failed to state a claim against the Alabama Department of Labor ("the ADOL").[1]

## PLAINTIFF'S ALLEGATIONS

On November 6, 2019, Plaintiff, proceeding *pro se*, filed a form complaint entitled "Complaint and Request for Injunction" against the Alabama Department of Labor, specifically, the Unemployment Compensation Division, in which he appears to allege that this entity is stealing from him because it sent him a notice of intent to recover a past due overpayment and notified him that if he did not pay his $1,959.17 due within 60 days, the ADOL might submit his debt to the Treasury Offset Program. (Doc. 1 at pp. 5-7). Plaintiff does not clearly state the jurisdictional basis for his claim. He appears to claim that this Court has federal jurisdiction because he is seeking an injunction and has diversity jurisdiction because he is seeking $75,000. (*Id*. at pp. 3-4). Plaintiff does not allege any facts to support his claim that ADOL is stealing from him or committing any other wrongful behavior, nor does he clearly set forth the cause of action upon which he bases his claim for monetary damages. He also does not describe the nature of the alleged injunction he seeks.

---

[1] In light of this Report and Recommendation, the undersigned finds that Plaintiff's motion to proceed without prepayment of fees and costs (Doc. 2) is **MOOT**. The Court notes that Plaintiff did not complete this Court's required form to proceed without prepayment of fees and, therefore, did not provide the necessary information for the Court to rule upon the motion. Should Plaintiff later attempt to amend his complaint against ADOL, he is specifically **ADVISED** that he must file a new motion to proceed without prepayment of fees on this Court's form, a copy of which can be obtained from this Court's clerk's office. If Plaintiff files a new motion on this Court's form, he is directed to answer each question on the form fully and completely.

## **DISCUSSION**

Even liberally construing Plaintiff's sparse complaint,[2] the Court finds that Plaintiff does not meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, which requires a short and plain statement of the basis of the Court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief. Plaintiff does not set forth any federal statute or law pursuant to which he is entitled to relief nor does he identify any federal question that is raised by his claim that would support federal question jurisdiction. As to diversity jurisdiction, Plaintiff's complaint, as alleged, demonstrates that he cannot meet the requirements for this Court to exercise diversity jurisdiction because he and the alleged defendant are not diverse from one another. Plaintiff has also failed to allege sufficient facts regarding the basis of his claim, including the nature of his claim, to meet the requirements of Rule 8.

In light of the foregoing, the Court finds that Plaintiff's complaint in this action is insufficient to survive the review required under 28 U.S.C. § 1915(e)(2)(B) and recommends that it be dismissed without prejudice prior to service of process.

## **CONCLUSION**

Based upon the foregoing, it is **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE**, prior to service of process, in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii), because Plaintiff's Complaint fails to contain a short and plain statement of the basis of this Court's jurisdiction and fails to state a claim upon which

---

[2] "A document filed *pro se* is 'to be liberally construed,' ... and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citation omitted).

relief may be granted. The Court further **RECOMMENDS** that Plaintiff be extended leave to file an amended complaint, *see Butler v. Morgan*, 562 F. App'x 832, 835 (11th Cir. 2014) (finding that a district court must grant a plaintiff at least one opportunity to amend his complaint before dismissal, even if the plaintiff never seeks leave to amend, if it appears that the filing of an amended complaint might cure noted deficiencies), but be cautioned that he must supply additional information to satisfy this Court that it may exercise subject-matter jurisdiction and that he has a plausible claim for relief against the Alabama Department of Labor.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error, if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the

Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **9th** day of **January, 2020**.

s/P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**
